# CHARLESTON.

## *Ex Parte* SMITH H. BRACEY.

### Submitted March 7, 1918.   Decided March 19, 1918.

1. TIME FOR TRIAL—*Discharge from Prosecution.*

    One charged with crime is entitled to be forever discharged from prosecution upon such charge, if there be three regular terms of the court in which the indictment is pending after an indictment is found against him without a trial thereof, unless the failure to try him is because of some of the reasons contained in section 25 of ch. 159 of the Code excusing such delay.  (p. 72).

2. CRIMINAL LAW—*Criminal Court of Ohio County—Criminal Jurisdiction—Statute.*

    By virtue of the act creating the criminal court of Ohio county, its jurisdiction to try criminal cases is concurrent with the circuit court, and it must exercise such jurisdiction under the provisions of law providing for the exercise thereof by circuit courts.  (p. 72).

3. HABEAS CORPUS—*Delay in Trial—Discharge—Statute.*

    One indicted for a felony in the criminal court of Ohio county, and not brought to trial at one of the three terms succeeding the term at which he is indicted, is entitled to be discharged upon writ of habeas corpus, unless the failure to try him is excused for some of the reasons provided by section 25 of ch. 159 of the Code. (p. 72).

4. SAME—*Failure to Try Accused—Application for Discharge—Negativing Excuse.*

    One charged with crime applying for a discharge from custody, upon the ground that three terms of court have passed since the finding of the indictment against him without his having been brought to trial, to entitle him thereto must show that the failure to try him at all of said three terms was not because of any of the reasons excusing such delay contained in section 25 of ch. 159 of the Code.  (p. 73).

5. SAME—*Records—Continuance—Evidence Aliunde.*

    Where the orders of the court show the grounds upon which a case is continued, no evidence will be admitted to show that the same was for any other or different reason, but where the court records are silent as to the reason therefor, the same may be shown by evidence *aliunde.*  (p. 74).

6.  SAME—*Time for Trial—Excuse—Statute.*

The state cannot excuse itself from trying one charged with crime within three terms after the indictment is found against him, upon the ground that he has interposed a demurrer to such indictment, and the court continued the case over one or more terms for the consideration of such demurrer.  (p. 74).

Error to Circuit Court, Ohio County.

Proceeding by Smith H. Bracey against Howard H. Hastings, Sheriff, etc., to obtain petitioner's discharge from custody.  From a judgment refusing to discharge him, petitioner brings error.    *Reversed; petitioner discharged.*

*Frank A. O'Brien,* and *D. B. Evans,* for plaintiff in error.

*E. T. England,* Attorney General, *Henry Nolte,* Assistant Attorney General, and *Carl G. Bachman,* Assistant Prosecuting Attorney, for defendant in error.

RITZ, JUDGE:

The criminal court of Ohio county was created by an act of the Legislature of 1893, ch. 6, Acts 1893.  By the terms of the act the court is given jurisdiction of criminal matters arising within the county concurrent with the circuit court of Ohio county.  The act further provides that there shall be held six terms of said court in each year, beginning on the first Mondays in January, March, May, July, September and November.  On the 6th of March, 1917, at the March term of said court, the grand jury returned four indictments, in each charging the petitioner with a felony.  On the 8th of March, petitioner filed a demurrer to these indictments, and an understanding was had that this demurrer should be submitted to the court upon briefs instead of oral argument, petitioner to have one week to present his brief in support of the demurrer, the state one week to reply thereto, and the petitioner five days to make reply to the state's brief, if he desired to do so.  Within the time agreed upon petitioner's brief was presented to counsel for the state, and was also tendered to the Judge of the court at that term, who did not desire, however, to receive the same until all of the briefs were ready.  The brief on behalf of the state in opposition to the

demurrer was not presented during the March term of the court, and the case went over for that reason until the May term. At the May term of court, to-wit, on the 16th day of June, 1917, the briefs were filed with the court, and the court on that day took the demurrer under advisement until the 8th day of September following, passing over the July term of court without making any reference thereto. On the 15th day of September the demurrer was overruled and the petitioner plead not guilty. The order shows that the case was thereupon, on motion of the state, set for trial on the 10th of December, a day in the succeeding November term of said court. It further appears that an order was entered at this time permitting the petitioner to take depositions out of the state to be used upon the trial of the case. It is shown that petitioner insisted upon a trial of the case during the September term of the court, and desired to take these depositions during that term, but at the instance of the prosecuting attorney, and because it was not convenient for him to be present at the taking of depositions during the term of the court, the case was passed until the November term. On the 10th day of December, 1917, because of the illness of the prosecuting attorney, the case was continued on motion of the state over the objection of the petitioner until the January term of the court, and set for trial on the 11th of February. Upon this continuance being granted on December 10th petitioner moved to be discharged upon the ground that three terms of court had passed since the indictment was found against him without bringing him to trial, without the intervention of any of the matters which would excuse this delay, but this motion was overruled. On February 11th the petitioner filed a motion for his discharge upon the same ground and offered evidence to show that the continuance of the case at the several terms of court which had intervened since his indictment had not been had on his motion, nor for any of the reasons excusing the failure to try him at such terms. The court refused to hear the evidence and refused to entertain the motion. Petitioner then tendered a special plea setting up the same matter which was not allowed to be filed. Petitioner was then placed upon trial upon the indict-

ment, which trial resulted in his being found guilty of the charge against him. He thereupon filed his petition in the circuit court of Ohio county setting up the facts as above detailed, and praying that he be discharged from custody under the provisions of section 25 of ch. 159 of the Code, and from the judgment refusing to discharge him he prosecutes this writ of error.

The question has been elaborately and exhaustively argued in this court, both orally and by printed briefs. It is not questioned that the facts are substantially as above detailed, but counsel for the state insist that they are not sufficient to entitle the petitioner to be discharged. Section 25 of ch. 159 of the Code, by virtue of which the petitioner seeks relief here, was passed in aid of the constitutional provision providing for the speedy trial of one accused of crime. This statute is as follows: "Every person charged with felony, and remanded to a circuit court for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the state being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict."

The first contention of counsel for the respondent is that the statute by its language is only applicable to prosecutions for crimes pending in circuit courts. It is true that the language of the section refers to persons charged with felony and remanded to a circuit court for trial. At the time of the enactment of this statute all of the criminal jurisdiction of the state was exercised by the circuit courts. By the act creating the criminal court of Ohio county the Legislature conferred a part of such circuit court's jurisdiction upon this criminal court, to be exercised concurrently with the circuit court. It is clear that under this act the criminal court, in the exercise of the jurisdiction conferred upon it, is controlled

by the same limitations and restrictions which apply to the circuit courts. No jurisdiction existed in a circuit court under the law at the time of the creation of the criminal court to try one accused of crime, unless the trial was had within the time provided by the statute, so that when this jurisdiction was conferred upon the criminal court it was only given the right to try parties charged with crime under the same restrictions and regulations as applied to the circuit courts at that time. We are constrained, therefore, to hold that the criminal court of Ohio county is under exactly the same duty and obligation to bring one charged with crime to trial as is the circuit court of Ohio county, and that its failure in this regard deprives it of its jurisdiction to try the accused party.

It is next contended that the obligation is upon the petitioner to show that the failure to try him within the time prescribed in the statute was not because of any of the exceptions therein contained. Many authorities are cited by able counsel on both sides of this contention. In many jurisdictions it is held that where the orders of continuance entered by the court do not show for what reason the continuances were had, the obligation devolves upon the one seeking to be discharged from prosecution to show that such continuances were not for any of the grounds excusing the delay. *Dougherty* v. *The People*, 124 Ill. 557; *Grady* v. *The People*, 125 Ill. 122; *The State* v. *Nugent*, 71 Mo. 136; *The State* v. *Huting*, 21 Mo. 464; *Korth* v. *The State*, 46 Neb. 631; *Head* v. *The State* (Okla.), 131 Pac. 937. On the other hand, it is held in many jurisdictions that when it is made to appear that the time has expired since the finding of the indictment within which the statute requires the accused party to be brought to trial, the duty rests upon the state to show that the delay was for some of the reasons excusing the same. *The People* v. *Morino*, 85 Cal. 515; *Ex parte Begerow*, 133 Cal. 349; *von Feldstein* v. *State* (Ariz.), 150 Pac. 235; *State* v. *Dewey* (Kan.), 88 Pac. 881; *Flagg* v. *State* (Ga.), 74 S. E. 562; *Thornton* v. *State* (Ga.), 67 S. E. 1055; *Nix* v. *State* (Ga.), 63 S. E. 926. In our own case of *State* v. *Newsom*, 13 W. Va. 859, it was held that the duty was upon the

prisoner to show that the continuances were not granted for
any of the causes declared in the statute to excuse the delay.
It is argued that it may well be presumed that the court to
whom the motion for a continuance is addressed would not
continue a case for a cause and at a time which would result
in discharging the accused party from prosecution. The
holding in the Newsom case was recognized in the cases of
*Ex parte Chalfant,* 81 W. Va. 93, 93 S. E. 1032, and *Ex
parte Anderson,* 81 W. Va. 171, 94 S. E. 31. It is not very
material upon whom this duty devolves as it is ordinarily an
easy matter to prove why a case has been continued at a com-
paratively recent term of the court, where the record fails to
show the reason therefor. Of course, if the record of the
court shows that the case was continued upon one of the
grounds which excuses delay in bringing the accused to trial,
he would not be permitted to contradict such record, but
where the record is silent upon this question, or where no
record is made at all, there is no reason why the accused
party seeking his discharge, because of delay in bringing him
to trial, should not be required to show that the case was
continued at three separate terms of court after he was in-
dicted upon grounds not excusing the delay. It may well
be said that there is a presumption, where the record does
not otherwise show, that such continuances are had for some
of the grounds excusing the delay, for it will not be pre-
sumed that the trial court would by a continuance of the case
effect the discharge of the accused. We are, therefore, of the
opinion that where one seeks to be discharged from further
prosecution because of the delay in bringing him to trial, the
obligation rests upon him to show that three terms of the
court have passed since the indictment was found against him
without his having been brought to trial, and that the con-
tinuances had at such terms were not for any of the reasons
excusing the delay. If the reason for the continuances, or any
of them, is shown by the record, it is conclusive upon the
parties. If the record fails to disclose for what reason the
continuance was had, then it may be proved *aliunde.*

Counsel for the respondent further contends that the fail-
ure to try the petitioner at the March, May and July terms of

court is excused because of the interposition of a demurrer to the indictment. They argue that by interposing this demurrer the petitioner in effect forced a continuance of the case. To support this contention the case of *State* v. *Fox* (Wash.), 127 Pac. 1111, is cited. An examination of that case convinces us that it is without application to the state of facts here. There the defendant interposed a demurrer to the indictment against him and asked the court for a certain time within which to present argument upon this demurrer. The time asked, if granted, would fix the hearing upon the demurrer at a time beyond the end of that term of court, so that to grant his request of necessity continued the case until the next term, and so the court held that this motion for time within which to present the demurrer was in effect a motion to continue the case to a subsequent term. In this case we find the defendant asked for no time within which to present argument upon the demurrer, but it was the failure of the state to present its argument that caused the court to pass the case over to a subsequent term. The case of *Wadley* v. *Commonwealth* (Va.), 35 S. E. 452, is also relied upon by respondent. In that case Wadley, who was indicted for a felony, procured an injunction from a Federal District Judge prohibiting the officers of the state charged with his prosecution from proceeding against him. This injunction was finally disposed of adversely to him, and then he attempted to take advantage of the time which had elapsed during the pendency of the injunction. It will at once be seen that while he did not make a formal motion for a continuance in the court in which the indictment was pending, he was the moving party in a proceeding which necessitated such continuance. We do not think that the language used in the statute, ''on motion of the accused,'' means that the accused party must make a formal motion in the court in which the indictment is pending in order to charge him with the delay in bringing him to trial. If he instigates a proceeding which forces a continuance of the case at a particular term of court, he will not be permitted to take advantage of the delay thus occasioned. It will be seen that this case has no application to the facts presented here. Petitioner did not institute, or

was not responsible for any proceeding of any kind, either in the court in which the indictment was pending, or in any other place, which necessitated continuing his case. It cannot be said that his challenge of the sufficiency of the indictment by demurrer makes him responsible for the delay of the court in passing upon that demurrer, or for the delay of the state in presenting matter to support its indictment. The state must be as ready to make good its indictment as matter of law, when the same is challenged by demurrer, as to make it good in fact, when challenged by a plea of not guilty. We think it would be unreasonable and unconscionable to charge to the petitioner the delay of the court for more than six months in passing judgment upon his demurrer, when he did nothing to prevent an immediate judgment thereon.

It is further contended that the July term of the court should not be counted for the purpose of this writ, for the reason that no term of the court was held in the month of July. There are some authorities holding that where no term of the court is held at which a party can be tried the state will be excused for failure to try him at such term. There are others holding that this is true where the court has the authority to discontinue any particular term; and there are still others to the effect that for the purposes of the enforcement of speedy trials of those charged with crime every term of court provided by law to be held must be counted, regardless of whether the same is actually held or not. In this case it is conceded that the July term was not held. The act creating the criminal court of Ohio county confers upon the judge no authority to discontinue any term of court. As is said by some of the courts, if he can by failure to hold one term of court excuse the delay in trying one charged with crime, he may excuse such delay by such failure for ten terms of court, and in this manner entirely defeat the constitutional provision requiring speedy trials. However, it clearly appears here that the May term, the September term, and the November term intervened between petitioner's indictment and the time he was brought to trial without the intervention of any of the causes which under the law excuse delay. The question, therefore, of whether or not the July.

term should be counted becomes immaterial, and we do not express any opinion thereon.

This right of one charged with crime to a speedy trial was wrung from the Crown in Great Britain only after persistent and long continued efforts, and it has been very jealously guarded ever since. That the people of this country are of one mind upon this question is evidenced by the fact that not only in the Federal Constitution, but in the Constitution of each of the American states is found a provision similar to our own requiring speedy trials in such cases. In many jurisdictions the legislative enactments in aid of the constitutional provisions require much more diligence upon the part of the state than is required in West Virginia. In some the accused party is required to be brought to trial at the same term at which he is indicted, unless the state shows that for some of the reasons similar to those provided in our statute the trial cannot be had at that term. In others the requirement is that the trial must be proceeded with within sixty days after the return of the indictment; in still others, the state is permitted two terms of the court after the finding of the indictment; and in very few of the American states will as liberal provision be found from the standpoint of the state as is contained in our statute. Having in mind the purpose to be accomplished by the constitutional provision, and the statute enacted in aid thereof, we must not give to it a construction which would frustrate that purpose.

The judgment of the circuit court of Ohio county will be reversed and the petitioner discharged from custody.

*Reversed; petitioner discharged.*