STATE *ex rel.* GEORGE ALLEN STINES

*v.*

THE HONORABLE KERMIT A. LOCKE, *Judge,*

*Circuit Court, Raleigh County*

*and* THOMAS B. CANTERBURY

*Prosecuting Attorney, Raleigh County*

(No. 13654)

Decided December 19, 1975.

*Joseph Luchini* for relator.

*Chauncey H. Browning,* Attorney General, *E. Leslie Hoffman, III,* Assistant Attorney General, for respondents.

CAPLAN, JUSTICE:

The single issue for resolution in this original proceeding in prohibition is whether the "three term rule," embodied in *W. Va. Code*, 1931, 62-3-21, as amended, prohibits the state from trying the petitioner in the circumstances hereinafter set forth. That statute provides, in pertinent part:

> Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the ... indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict ...

During the January Term, 1973, of the Circuit Court of Raleigh County, the grand jury serving that court returned an indictment against the petitioner, George Allen Stines, wherein he was charged with the crime of robbery. *W. Va. Code*, 1931, 51-2-1j, as amended, provides that three terms of court shall be held annually in Raleigh County, the Tenth Judicial Circuit, January, April and September. It is the contention of the petitioner that three terms of court having passed after the term in which the indictment was found, during which the state, without statutory excuse, has failed to try him, such trial should now be prohibited.

Prior to the April Term, 1973, the prosecuting authorities of Raleigh County voluntarily relinquished custody of the petitioner to the State of Michigan where he was subsequently convicted of a crime and incarcerated in the penitentiary of that state. During the April term and the September term of 1973 the petitioner remained

so incarcerated in Michigan. Consequently, no trial was afforded him in Raleigh County during those terms. In March, 1974 the petitioner was returned to Raleigh County and was placed in jail to await trial.

Subsequent to the return of the petitioner, the state failed to try him at the April and September terms of 1974; nor was he afforded a trial during the January Term, 1975. A trial date was finally set during the April Term, 1975, but the case was continued pending the outcome of this petition.

Petitioner Stines relies on four terms of court as the basis for the relief sought in this proceeding. He contends that the state is chargeable with the following terms: April, 1973; September, 1973; January, 1974 and January, 1975. He asserts that the state was obligated under *W. Va. Code*, 1931, 62-3-21, as amended, to have afforded him a trial during those terms and that such obligation was not excused under the statute. If the petitioner's assertion is correct as to any three of the four terms of court alluded to above, he is entitled to the relief sought.

Let us consider first the April and September terms of 1973. The petitioner was in the Michigan penitentiary during those terms due to the voluntary relinquishment of him by the Raleigh County authorities. The record fails to reveal that the state made any attempt to gain custody of him during that period of time for the purpose of trying him. In these circumstances and in view of the constitutional and statutory provisions mandating the right to a speedy trial, we are constrained to hold that the state cannot be excused for failing to afford the petitioner a trial during those terms.

The right to a trial "without unreasonable delay" is basic in the administration of criminal justice and is guaranteed by both the state and federal constitutions. *W. Va. Const.*, Art. III, §14; *U.S. Const.*, Amend. VI. The legislature, desiring to render effective that constitutional mandate, enacted *Code* 62-3-21, requiring one charged with a crime to be tried within three terms of

the term in which the indictment was returned. *Hollandsworth v. Godby*, 93 W. Va. 543, 117 S.E. 369 (1923). "The right to a speedy trial is intended to avoid oppression and prevent delay by *imposing on the courts and on the prosecution an obligation to proceed with reasonable dispatch.* It has been said that the basic policy underlying the constitutional guaranty and the statutes enacted to implement it is to protect the accused from having criminal charges pending against him an undue length of time." (Emphasis supplied.) 21 Am. Jur. 2d *Criminal Law*, §242.

In furtherance of the well-established right of an accused to a speedy trial the legislature, in 1971, enacted a statute now designated *W. Va. Code*, 1931, 62-14-1, as amended. This relatively recent act, entitled Agreement on Detainers, is a two-pronged instrument, designed to implement the speedy trial concept by either the accused or the state. Thereunder, an accused who learns of a criminal charge against him in another state, is afforded a means by which he can be permitted to return temporarily to the charging state, if it is a member of the pact provided for in this statute, for the purpose of being tried or otherwise finally disposing of any criminal charge against him. This provision is contained in Article III of the above statute.

The state has been given the means by which it can fulfill its constitutional obligation of affording an accused a speedy trial by the provisions of Article IV of *W. Va. Code*, 62-14-1, as amended. It is therein provided that the appropriate officer of the jurisdiction in which an untried indictment is pending may apply to the state in which the one under said indictment is incarcerated for the purpose of obtaining temporary custody of him. It is anticipated that during said temporary custody the prisoner will be tried or the indictment will be otherwise disposed of. The governor of the state in which the prisoner is incarcerated may, within thirty days of the request for temporary custody, refuse such request.

In the instant case the prosecuting authorities of Raleigh County were aware of the incarceration of the

petitioner in the Michigan penitentiary. Under the aforementioned statute they could have sought temporary custody of him for the purpose of disposing of the charge against him, by trial or otherwise. This they failed to do and the petitioner was not returned to Raleigh County until March, 1974, long after the April and September terms of 1973.

This Court subscribes to the view that it is the duty of the prosecution to provide a trial without unreasonable delay rather than the duty of the accused to demand a speedy trial. *State ex rel. Farley v. Kramer, Judge,* 153 W. Va. 159, 169 S.E.2d 106 (1969). *See also, State ex rel. Wren v. Wood,* 156 W. Va., 190 S.E.2d 479 (1972); *State ex rel. Parsons v. Cuppett,* 155 W. Va. 469, 184 S.E.2d 616 (1971); *State v. Underwood,* 130 W. Va. 166, 43 S.E.2d 61 (1947); and *Ex Parte Bracey,* 82 W. Va. 69, 95 S.E. 593 (1918). Here the prosecution failed to exercise that duty. Although it had the means to offer this petitioner a trial within the April and September terms of 1973, it failed to do so. Had the prosecuting authorities of Raleigh County requested and were refused custody of the accused under Article IV of *W. Va. Code,* 1931, 62-14-1, as amended, then the state would be excused and those terms of court would not be chargeable under the provisions of *W. Va. Code,* 1931, 62-3-21, as amended.

The failure to try the petitioner at the April and September terms of 1973 was not excused by any of the exceptions contained in *W. Va. Code,* 1931, 62-3-21, as amended, nor was such failure the fault of the petitioner. Since the state failed to perform its duty of affording the petitioner a speedy trial and since that failure is not excused, such terms must count against the state and, as contemplated by the above statute, be considered as two of the three regular terms after the finding of the indictment during which no trial was held. It having been admitted by the state that due to no fault on the part of the petitioner, no trial was held at the January Term, 1975, that term also must fall in the category of unexcused terms chargeable to the state.

Applying *W. Va. Code,* 1931, 62-3-21, as amended, to this case, we find that there were three regular terms— April Term, 1973; September Term, 1973; and January Term, 1975—of the Circuit Court of Raleigh County, after the indictment was found, without a trial. We further find that the failure to try the petitioner during those terms was not excused by any of the exceptions noted in the above statute. In view thereof and for the reasons stated herein, the petitioner "shall be forever discharged from prosecution for the offense" charged in the indictment. *W. Va. Code,* 1931, 62-3-21, as amended.

We are aware of the decision in *State ex rel. Smith v. DeBerry,* 146 W. Va. 534, 120 S.E.2d 504 (1961) which holds, in the context of the issue in this proceeding, that a defendant is not entitled to count "any term of the court which occurred in part during the time he was without the jurisdiction of the court." The *DeBerry* case is clearly distinguishable from the case at bar.

In that case the defendant was incarcerated in jail in Tyler County under an indictment found in that county. The Pleasants County prosecuting authorities sought custody of him for the purpose of trying him on a charge pending in that county. The Tyler County authorities refused to relinquish custody and the authorities of Pleasants County were without a means of obtaining jurisdiction over the person of the defendant. There, the prosecuting authorities sought custody of the defendant for the purpose of affording a trial without unreasonable delay. Their attempt having been unsuccessful and there having been no remedy such as offered in *W. Va. Code,* 1931, 62-14-1, as amended, the state was considered to be without fault.

The gist of the speedy trial concept is that, where the state is able, through legal means, to make a defendant jurisdictionally available for trial or to otherwise answer a criminal charge, its obligation to so act is mandatory. If the state fails to exercise its duty to bring a defendant to trial, without unreasonable delay, when the means to perform such duty is supplied by statute, such

failure is unexcused. In the instant case three terms have expired, during which the state has failed to fulfill its obligation to offer the petitioner a trial.

For the reasons herein stated, the relief sought is granted.

*Writ awarded.*