648 S.E.2d 631

**STATE of West Virginia ex rel., Keith O'Dell McCOURT, Petitioner,**

**v.**

**The Honorable Jack ALSOP, Judge of the Circuit Court of Webster County, Respondent.**

**No. 33213.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 23, 2007.

Decided Feb. 22, 2007.

Hunter D. Simmons, Esq., Buckhannon, WV, Attorney for the Petitioner.

Jeffrey L. Hall, Esq., Assistant Prosecuting Attorney, Webster County, Webster Springs, WV, Attorney for the State of West Virginia.

PER CURIAM.

In this original jurisdiction matter, the petitioner, Keith O'Dell McCourt, asks this Court to enter an order prohibiting the Circuit Court of Webster County, West Virginia, from conducting further proceedings in the underlying case wherein he was indicted for sexual assault in the second degree. The petitioner contends that the Circuit Court should have dismissed the indictment and discharged him from further prosecution because the State violated his constitutional right to a speedy trial.[1] Specifically, the petitioner asserts that the State took no action in the case between his indictment in September 1994 and his ultimate arrest and arraignment upon the charge in 2006. The petitioner argues that, therefore, his right under *W.Va.Code*, 62–3–21 (1959), to be brought to trial in Webster County within three terms of court following the term of indictment was violated. This Court has recognized that statute as this State's legislative declaration of what ordinarily constitutes a speedy trial within the meaning of the federal and State constitutions.

This Court has before it the petition for a writ of prohibition, the response of the State of West Virginia, all matters of record and relevant authorities. Upon careful examination, and as more fully discussed below, this Court concludes, *inter alia*, that, inasmuch as the petitioner left the jurisdiction of this State and did not appear before the Circuit Court as required during the period in question, no violation of *W. Va.Code*, 62–3–21 (1959), occurred, and his right to a speedy trial was not violated. Consequently, the Circuit Court is not exceeding its legitimate powers in allowing the case to go forward, and the petitioner's requested relief in prohibition is denied.

I.

Factual and Procedural Background

The petitioner allegedly sexually assaulted a male individual at knife point on July 5, 1994, in Webster County, and a warrant for his arrest was issued on July 8, 1994. On September 6, 1994, the petitioner was indicted for the offense by a Webster County grand jury. The indictment alleged that the petitioner committed sexual assault in the

---

1. U.S. Const. amend. VI, provides, in part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial [.]" Similarly, W. Va. Const. art. III, § 14, provides, in part: "Trials of crimes, and misdemeanors, unless herein otherwise provided, shall be ... public, without unreasonable delay [.]"

second degree, a felony under *W. Va.Code,* 61–8B–4(a)(1) (1991), by means of forcible compulsion. The case was styled *State of West Virginia v. Keith O'Dell McCourt,* case no. 94–F–24 (Webster County).

The record indicates that the petitioner was living in the Commonwealth of Virginia. On September 7, 1994, the Prosecuting Attorney of Webster County sent a letter by certified mail notifying the petitioner that he was to appear in the Circuit Court on September 12, 1994, for arraignment and the posting of bond. The letter, sent to the petitioner in care of an individual by the name of Becky Gaylor in Waynesboro, Virginia, was returned unclaimed. Bench warrants for the petitioner's arrest were issued on September 12, 1994, January 18, 1995, May 8, 1995, January 18, 1996, May 22, 1996, and September 9, 1996. According to the State, the Circuit Court, thereafter, entered a general order granting bench warrants in each subsequent term of court for the petitioner's arrest.

In March 2006, the petitioner was detained in Webster County for driving under the influence of alcohol and driving upon a suspended license. That event resulted in his arrest with regard to the 1994 indictment when his name was matched with records of unserved warrants maintained by the Webster County Office of Emergency Services. The Circuit Court conducted an arraignment upon the indictment on May 1, 2006, and the petitioner entered a plea of not guilty to the sexual assault charge. Although the petitioner was released upon $50,000 bond, he was found in violation thereof for consuming alcohol.

Relying upon *W. Va.Code,* 62–3–21 (1959), the petitioner filed a motion to dismiss the indictment and to be discharged from further prosecution because of the failure of the State to bring him to trial between his 1994 indictment and 2006 arrest. Following a hearing conducted on May 12, 2006, the Circuit Court entered an order on July 14, 2006, denying the motion and scheduling the case for trial. The Circuit Court did not set forth

specific reasons in the order for the denial of the motion. However, the Court stayed further proceedings to allow the petitioner an opportunity to pursue his request for relief in prohibition in this Court.[2]

## II.

### Standard of Review

This Court has original jurisdiction in prohibition proceedings pursuant to Art. VIII, § 3, of The Constitution of West Virginia. That jurisdiction is recognized in Rule 14 of the West Virginia Rules of Appellate Procedure and in various statutory provisions. *W. Va.Code,* 51–1–3 (1923); *W. Va.Code,* 53–1–2 (1933). In considering whether to grant relief in prohibition, this Court stated in the syllabus point of *State ex rel. Vineyard v. O'Brien,* 100 W.Va. 163, 130 S.E. 111 (1925), as follows: "The writ of prohibition will issue only in clear cases where the inferior tribunal is proceeding without, or in excess of, jurisdiction." Syl. pt. 1, *State ex rel. Brison v. Kaufman,* 213 W.Va. 624, 584 S.E.2d 480 (2003); syl. pt. 1, *State ex rel. Laura R. v. Jackson,* 213 W.Va. 364, 582 S.E.2d 811 (2003); *State ex rel. Murray v. Sanders,* 208 W.Va. 258, 260, 539 S.E.2d 765, 767 (2000); *State ex rel. Barden and Robeson Corporation v. Hill,* 208 W.Va. 163, 166, 539 S.E.2d 106, 109 (2000). *See also, W. Va.Code,* 53–1–1 (1923).

In the case to be determined, the petitioner does not contend that the Circuit Court of Webster County lacks jurisdiction to bring him to trial under the 1994 indictment. Rather, the petitioner suggests that he did not waive his right to a speedy trial within the context of *W. Va.Code,* 62–3–21 (1959), and that, at this point, the Circuit Court is exceeding its authority in allowing the case to go forward. In that context, a more specific standard concerning prohibition is applicable. As syllabus point 4 of *State ex rel. Hoover v. Berger,* 199 W.Va. 12, 483 S.E.2d 12 (1996), holds:

In determining whether to entertain and issue the writ of prohibition for cases not

---

**2.** The petition for a writ of prohibition was filed on August 28, 2006. On October 26, 2006, this Court issued a rule to show cause why relief should not be granted. The State filed a response on November 3, 2006.

involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. pt. 1, *State ex rel. Blake v. Hatcher*, 218 W.Va. 407, 624 S.E.2d 844 (2005); syl. pt. 1, *State ex rel. Cosenza v. Hill*, 216 W.Va. 482, 607 S.E.2d 811 (2004); syl. pt. 2, *State ex rel. Isferding v. Canady*, 199 W.Va. 209, 483 S.E.2d 555 (1997). *See also*, 15 M.J., *Prohibition* § 14 (Matthew Bender & Co. 2006); 72A C.J.S. *Prohibition* § 22 (2004).

### III.

### Discussion

■ The petitioner contends that his constitutional right to a speedy trial was violated because the State failed to bring him to trial between his 1994 indictment and 2006 arrest. In that regard, the petitioner relies upon *W. Va. Code*, 62–3–21 (1959), which provides, sub-

ject to various exceptions, that a defendant in a criminal case is entitled to discharge from prosecution if three regular terms of court conclude, following the term of indictment, without a trial. As stated above, this Court has recognized that statute as this State's legislative declaration of what ordinarily constitutes a speedy trial within the meaning of the federal and State constitutions.[3] As *W. Va. Code*, 62–3–21 (1959), provides in relevant part:

Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict [.] [4]

The petitioner asserts that he cannot be held accountable under the statute for the terms of court between his 1994 indictment and 2006 arrest because he was incarcerated in the Commonwealth of Virginia "for a period of years shortly after the return of the indictment in 1994." He further asserts that law enforcement authorities in West Virginia failed to determine his whereabouts and failed to seek temporary custody of him from Virginia in order to offer him a speedy trial in Webster County. The petitioner maintains, therefore, that his right to be brought

**3.** Syllabus point 1 of *State ex rel. Shorter v. Hey*, 170 W.Va. 249, 294 S.E.2d 51 (1981), holds: "Whereas *W. Va. Code*, 62–3–1, provides a defendant with a statutory right to a trial in the term of his indictment, it is *W. Va. Code*, 62–3–21, rather than *W. Va. Code*, 62–3–1, which is the legislative adoption or declaration of what ordinarily constitutes a speedy trial within the meaning of *U.S. Const.*, amend VI and *W. Va. Const.*, art. III, § 14. *State ex rel. Smith v. DeBerry*, 146 W.Va. 534, 538, 120 S.E.2d 504, 506 (1961) [*overruled on other grounds*, syl. *State ex rel.*

*Sutton v. Keadle*, 176 W.Va. 138, 342 S.E.2d 103 (1985)]." Syl. pt. 2, *State ex rel. Brum v. Bradley*, 214 W.Va. 493, 590 S.E.2d 686 (2003); syl. pt. 1, *State v. Young*, 167 W.Va. 312, 280 S.E.2d 104 (1981).

**4.** Pursuant to Rule 2.14. of the West Virginia Trial Court Rules, the annual terms of the Circuit Court of Webster County begin on the second Monday in January and on the first Monday in May and September.

to trial within the time specified in *W.Va. Code*, 62–3–21 (1959), was violated and that the Circuit Court should have dismissed the 1994 indictment and discharged him from further prosecution. On the other hand, the State emphasizes that, following the initial arrest warrant and indictment, it tried to secure the presence of the petitioner before the Circuit Court by way of the certified letter sent to Virginia and by obtaining numerous bench warrants for his arrest. According to the State, it had no knowledge that the petitioner had been incarcerated in Virginia.

The petitioner's request for extraordinary relief in prohibition under this Court's original jurisdiction is undermined by the fact that none of the matters of record submitted to this Court mentions the petitioner's incarceration in Virginia. Rather, those documents refer solely to proceedings conducted in the Circuit Court of Webster County upon the indictment for sexual assault. Although the petition for a writ of prohibition asserts that the petitioner was incarcerated in Virginia "for a period of years shortly after the return of the indictment in 1994," neither the Virginia conviction, the facility where the petitioner was maintained, nor the dates of incarceration and release are set forth. Certainly, the petitioner was not in the Commonwealth of Virginia when he was detained in Webster County for driving under the influence of alcohol and driving upon a suspended license. In its response filed herein, the State indicates that the petitioner's Virginia criminal record was brought out through the testimony of the petitioner's father during the May 12, 2006, hearing upon the petitioner's motion to dismiss. However, no transcript of that hearing has been made a part of this proceeding. Upon the information before us, therefore, this Court cannot conclude that the petitioner has made a "clear case" for relief in prohibition. *See, State ex rel. Vineyard v. O'Brien, supra.*

Nor is relief in prohibition appropriate upon the merits of the petitioner's assertion of a speedy trial violation. The record supports the position of the State that, following the issuance of the initial arrest warrant and the return of the indictment, the State attempted to secure the petitioner's presence by sending the certified letter concerning arraignment and bond and by consistently obtaining bench warrants for the petitioner's arrest during the period in question. The petitioner's whereabouts were unknown until he was found in Webster County in 2006. As stated above, the record before this Court contains no documents concerning the petitioner's incarceration in Virginia. Moreover, the petitioner has submitted no evidence in the form of exhibits or testimony to the effect that the State, throughout the intervening years, had the resources and technology to have reasonably determined his whereabouts.

In syllabus point 6 of *State v. Drachman*, 178 W.Va. 207, 358 S.E.2d 603 (1987), this Court held: "Under the Sixth Amendment speedy trial right, the prosecution has a duty to seek the return of a prisoner *known* to be incarcerated out of state." (emphasis added) As noted in the *Drachman* opinion, that duty has been recognized by this Court in the context of the statutory three term rule. 178 W.Va. at 212, 358 S.E.2d at 608. In *State ex rel. Stines v. Locke*, 159 W.Va. 292, 220 S.E.2d 443 (1975), for example, the defendant's claim of a speedy trial violation was upheld under the provisions of *W. Va.Code*, 62–3–21 (1959), where the State was aware of his incarceration in Michigan but failed to pursue temporary custody of him pursuant to the interstate Agreement on Detainers, *W. Va.Code*, 62–14–1 (1971), *et seq.*

Neither *Drachman* nor *Stines* resolve the question of the State's obligation, in the first instance, to investigate whether a criminal defendant *may* be incarcerated in another jurisdiction. Those cases merely suggest that, when a criminal defendant's incarceration in another jurisdiction is known, this State is required to take reasonable action in order to afford the defendant an opportunity for a speedy trial upon the charge at hand. Here, nothing in the record shows that the State knew of the petitioner's whereabouts or of any incarceration in Virginia prior to his detention in 2006 upon the traffic violations. Following his arrest upon the indictment thereafter, he was promptly provided with counsel, arraigned upon the sexual assault

charge and provided with a trial date. *See, State v. Fender,* 165 W.Va. 440, 268 S.E.2d 120 (1980), noting as follows concerning an alleged transgression of the three term rule under *W. Va.Code,* 62–3–21 (1959): "[T]he record does not reveal whether the State was aware of the defendant's out-of-state incarceration in the federal institution. If it was not aware, its duty to exercise reasonable diligence to seek his return would not begin." 165 W.Va. at 447, 268 S.E.2d at 124.

Finally, the petitioner's assertion that the statutory three term rule was violated fails in view of the fact that he was not arraigned upon the indictment until May 1, 2006. In *State v. Carter,* 204 W.Va. 491, 513 S.E.2d 718 (1998), the defendant was indicted for malicious assault in October 1994. Thereafter, a delay occurred because the defendant was in federal custody. He was not arraigned upon the indictment until 29 months later, on March 6, 1997. He was convicted at trial in July 1997. Rejecting the defendant's claim that *W. Va.Code,* 62–3–21 (1959) had been violated, this Court, in *Carter,* held that the three term rule did not apply until he was arraigned on March 6, 1997, after which he was timely brought to trial. As the opinion states: "Three terms of court did not pass without trial following indictment and arraignment; therefore, the three term rule was not violated." 204 W.Va. at 495, 513 S.E.2d at 722. The syllabus point in *Carter* holds:

> Pursuant to W. Va.Code § 62–3–21 (1959), when an accused is charged with a felony or misdemeanor *and arraigned* in a court of competent jurisdiction, if three regular terms of court pass without trial after the presentment or indictment, the accused shall be forever discharged from prosecution for the felony or misdemeanor charged unless the failure to try the accused is caused by one of the exceptions enumerated in the statute.

(emphasis added) *State ex rel. Games–Neely v. Sanders,* 219 W.Va. 500, 637 S.E.2d 598, 605 n. 16 (2006); syl. pt. 1, *State v. Damron,* 213 W.Va. 8, 576 S.E.2d 253 (2002). As stated in *Damron:* "[A]ppellant in this case was promptly tried after his arraignment. Thus, the State complied with the three-term rule." 213 W.Va. at 13, 576 S.E.2d at 258.

Here, the petitioner was arraigned on May 1, 2006, and scheduled for trial, all shortly after he was located in Webster County upon the traffic violations. The order of the Circuit Court entered on July 14, 2006, stayed further proceedings to allow the petitioner an opportunity to pursue his request for relief in prohibition in this Court. Under those circumstances, and in view of *Carter, Games–Neely* and *Damron,* this Court finds no violation of the three term rule set forth in *W. Va.Code,* 62–3–21 (1959).

## IV.

### Conclusion

Upon all of the above, we find no violation of the petitioner's right to a speedy trial in the context of *W. Va.Code,* 62–3–21 (1959). Accordingly, the Circuit Court of Webster County is not exceeding its legitimate powers in allowing the case to go forward, and the petitioner's request for relief in prohibition is denied.

Writ Denied.

ALBRIGHT, Justice, concurring.

I concur with the majority's ultimate holding that the writ should not be granted based upon the absence of reliable evidence indicating that the lower court had knowledge of the Appellant's location during the period in which he was absent from this jurisdiction. In reaching its conclusion, the majority relies in part upon the syllabus point adopted in *State v. Carter,* 204 W.Va. 491, 513 S.E.2d 718 (1998), which reads as follows:

> Pursuant to W.Va.Code § 62–3–21 (1959), when an accused is charged with a felony or misdemeanor *and arraigned in a court of competent jurisdiction,* if three regular terms of court pass without trial after the presentment or indictment, the accused shall be forever discharged from prosecution for the felony or misdemeanor charged unless the failure to try the accused is caused by one of the exceptions enumerated in the statute.

204 W.Va. at 491, 513 S.E.2d at 718 (emphasis supplied).

I write separately because I believe that the syllabus point is imprecise in requiring *arraignment* rather than requiring that the defendant be *"held to a court of competent jurisdiction for trial."* The three-term statute, West Virginia Code § 62–3–21 (1959) (Repl.Vol.2005), reads as follows:

Every person charged by presentment or indictment with a felony or misdemeanor, and *remanded to a court of competent jurisdiction for trial,* shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict; and every person charged with a misdemeanor before a justice of the peace, city police judge, or any other inferior tribunal, and who has therein been found guilty and has appealed his conviction of guilt and sentence to a court of record, shall be forever discharged from further prosecution for the offense set forth in the warrant against him, if after his having appealed such conviction and sentence, there be three regular terms of such court without a trial, unless the failure to try him was for one of the causes hereinabove set forth relating to proceedings on indictment. trial, unless the failure to try him was for one of the causes hereinabove set forth relating to proceedings on indictment.

W.Va.Code § 62–3–21 (emphasis supplied).

An historic investigation of this Court's evaluations of the three-term rule reveals the reason that the holding in *Carter* is imprecise. The statutory use of the phrase "remanded to a court of competent jurisdiction

for trial" has generated considerable controversy and interpretation efforts by this Court. A brief synopsis of those discussions is helpful to this analysis.[1] As early as 1904, in *State v. Kellison,* 56 W.Va. 690, 47 S.E. 166 (1904), *overruled on other grounds by State ex rel. May v. Boles,* 149 W.Va. 155, 139 S.E.2d 177 (1964), this Court observed that the phrase "remanded to a court of competent jurisdiction" was no longer consonant with our criminal practice. *Id.* at 692, 47 S.E. at 167. The Court explained its conclusion as follows:

The word "remanded" in said section is not consistent with the present statutory provisions relating to procedure in felony cases. Since the necessity of a preliminary examination as a prerequisite to trial has been dispensed with, and indictments are no longer found in courts having no jurisdiction to try on charges of felony, the expression is inaccurate. But under the Code of 1860, and the statutes as they existed prior thereto, it was consistent with other provisions and only applied to persons in custody or under recognizance. Hence, it can only apply under such conditions now, and is to be construed as if it read "held" for trial instead of "remanded" for trial. In Virginia the statute, as amended, so reads. *Kibler v. Com.,* 94 Va. 804 [26 S.E. 858].

*Id.* at 692, 47 S.E. at 167. In syllabus point one of *Kellison,* this Court held as follows:

The fact that the record in a felony case shows that more than three terms of the court have passed without a trial, after the finding of the indictments, affords no ground for the discharge of the accused, under section 25 of chapter 159 of the Code [of 1899], from prosecution for the offense with which he is charged. It must further appear that he has been held for trial, as well as charged with the crime, for such period, without a trial.

In *Dudley v. State,* 55 W.Va. 472, 47 S.E. 285 (1904), this Court examined the three-

---

1. It is also of interest to recognize that the Code of 1899, section 25, chapter 159, included a slightly different version of the phrase under scrutiny, specifically providing that the person had to be "remanded to a circuit court for trial."

As later explained by this Court in *Ex parte Bracey,* 82 W.Va. 69, 95 S.E. 593 (1918), all criminal jurisdiction of this state was exercised by the circuit courts at the time of enactment of this statute. *Id.* at 72, 95 S.E. at 595.

term rule with regard to a defendant who had been held in custody during three terms of court and explained as follows:

> The only excuse given for not trying the petitioner as required in this section is because he had been illegally recommitted to the penitentiary by order of the Governor. It is not claimed that he could not have been tried as he was in the custody of the law and under order of the court, but that the court and prosecuting attorney were laboring under the belief that he was legally confined in the penitentiary for his former offense, and that would render it unnecessary to try him under the second indictment. The petitioner was not afforded the opportunity to insist on a speedy trial, but was illegally held in custody, and if the indictment had remained a live indictment on the docket, while the State was illegally holding him, he might well insist that he should be discharged under the foregoing section, as his illegal detention does not come within any of its provisions, and he might well claim, as he was subject to the order of the court that he was being held to answer the pending indictment against him, as this was the only legal cause for his detention.... Had he been brought into court, he would have had the right to have demanded a speedy trial or a dismissal of the indictment, and the court may not do that in the absence of the prisoner which it could not do were he present.

55 W.Va. at 474–75, 47 S.E. at 286–87; *see also State v. Gregory*, 143 W.Va. 878, 105 S.E.2d 532 (1958) (emphasizing that word "remanded," as used in statute, has been construed to mean "held").

In *State ex rel. Farley v. Kramer*, 153 W.Va. 159, 169 S.E.2d 106 (1969), *cert. de-*

nied, 396 U.S. 986, 90 S.Ct. 482, 24 L.Ed.2d 451, this Court held that the state may reindict an accused for the same offenses upon which previous indictments were originally returned against an accused, when the original indictments were dismissed as void within the time constraints of the three-term rule. In interpreting the exact language of the statute, the *Farley* Court explained as follows:

> The statute involved in this case applies to a person charged by presentment or indictment with a felony or misdemeanor, "and remanded to a court of competent jurisdiction for trial * * *." The word "remanded" means "held" to a court of competent jurisdiction "for trial." If there is no pending presentment or indictment for a felony, obviously the accused is not held for trial.

153 W.Va. at 173, 169 S.E.2d at 115;[2] *see also State ex rel. Shorter v. Hey*, 170 W.Va. 249, 294 S.E.2d 51 (1981); *State ex rel. Whytsell v. Boles*, 149 W.Va. 324, 141 S.E.2d 70 (1965).

In *State ex rel. Sutton v. Keadle*, 176 W.Va. 138, 342 S.E.2d 103 (1985), this Court stated as follows: "It is apparent from the language of the three-term statute that it begins to run at the term subsequent to the term that the indictment or presentment is returned to a court of competent jurisdiction." 176 W.Va. at 141, 342 S.E.2d at 106 (footnote omitted). This Court's opinion in *Keadle* overruled *Ex parte Hollandsworth*, 93 W.Va. 543, 117 S.E. 369 (1923), by explaining that if a defendant is incarcerated in one county and there are criminal charges pending against him in another county, the State in the county in which the charges are pending must exercise reasonable diligence to se-

---

**2.** Prior to amendments in 1975, Virginia utilized a three-term rule similar in structure to the statute in this state. It included language tying the deadline to the time period in which the accused was being "held" in any court for trial. *See Knott v. Commonwealth*, 215 Va. 531, 211 S.E.2d 86 (1975) (discussing Code § 19.1–191, Virginia's predecessor speedy trial statute). Under such language, simply being incarcerated qualified as being held for trial under the statute. *Id.* at 87–88. Utilizing that statute, the Virginia court, in *Sands v. Commonwealth*, 61 Va. 800, 1871 WL 4872 (Va.1871), explained as follows:

> If the court be in session, he can be said to be held in court for trial, only from the time he is delivered into the custody of the court. If the court be not in session, and the accused is committed to jail, he cannot be said to be held in court for trial until after the session of the court begins; for, during the vacation of a court a party cannot be said to be held in court for trial.

1871 WL at *11.

cure the defendant's return for trial. Otherwise, the time during which the defendant is incarcerated will be counted in the determination of whether he has been deprived of his statutory right to a speedy trial. *Keadle,* 176 W.Va. at 144, 342 S.E.2d at 109. Thus, it should be clear that actual arraignment is not required in every factual situation to invoke the protection of the three-term rule.

Reviewing the *Carter* decision in light of these preceding cases, it appears that the phrase "remanded to a court of competent jurisdiction for trial" may not have been afforded its proper meaning in *Carter.* In *Carter,* this Court addressed the issue of whether the three-term rule was violated when the defendant was not tried within three terms of court after he was indicted. He had been in continuous federal custody until he was secured by the State and had been brought before the circuit court for arraignment. He was tried during the next term of court following his arraignment. Although the legislature did not mention "arraignment" in the three-term statute, *Carter* set forth a standard which necessitates an arraignment as one of the two requirements. In my view, such addition constitutes an attempt by this Court to append parameters upon the legislative use of the phrase "remanded to a court of competent jurisdiction for trial." Indeed, the declared requirements of the statute for triggering the running of the three terms are expressed in the conjunctive, and it is clear that the legislature thereby required something more than a mere indictment or presentment as the trigger for the three-term rule. There must also be a remand to a court of competent jurisdiction for trial, which this Court has interpreted to mean the "holding" of the defendant. Thus, this Court's syllabus point in *Carter,* articulating an arraignment as a necessary triggering event, is not precisely accurate. Although an arraignment may be a typical manner in which a defendant is brought before the jurisdiction of a court and held by that court, it is not the only manner in which a defendant could be held subsequent to indictment and prior to trial.

In summary, while the issue of interpretation of the phrase is not the dispositive issue in this case, I write separately to punctuate the fact that the statute requires two particular things for the triggering of the three-term rule. Those elements are (1) the indictment or presentment, and (2) remand to a court of competent jurisdiction for trial, clearly defined by this Court to mean "held to a court of competent jurisdiction for trial." The element of "arraignment" was appended by this Court in *Carter* and is imprecise and inconsonant with what I perceive to be the intent and proper application of the statute under our precedents decided before *Carter.*