# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 14-0270** (Mineral County 07-F-70)

**Brenton Rodeheaver,**
**Defendant Below, Petitioner**

**FILED**

May 18, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Pro se petitioner Brenton Rodeheaver appeals the Circuit Court of Mineral County's January 29, 2014, order denying his motion for credit for pre-sentence jail time served. The State, by counsel Julie A. Warren, filed a summary response in support of the circuit court's order. On appeal, petitioner raises the sole argument that the circuit court erred in denying him credit for pre-sentence jail time served in another state in violation of constitutional safeguards, particularly when the State failed to move for his custody.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2007, The Grand Jury of Mineral County indicted petitioner on one count of aggravated robbery following an incident in which he allegedly robbed a man at knife-point. Upon his arraignment on the indictment, the circuit court released him on a personal recognizance bond for the limited purpose that he be permitted to attend a previously scheduled medical appointment and self-report back to jail the following day. He failed to return, and a capias issued for his arrest.

In March of 2008, petitioner was arrested in Bedford County, Pennsylvania, where he pled guilty to charges of false identification to a law enforcement officer and unauthorized use of an automobile. Upon becoming aware of his incarceration in the Commonwealth of Pennsylvania, West Virginia authorities placed a detainer on him in Pennsylvania for the Mineral County indictment, and the State of Maryland placed a separate detainer on him for charges pending in that state.[1] Between August 12, 2008, and October 25, 2008, petitioner served time in

---

[1]It is unclear from the record on appeal when West Virginia authorities became of aware of his incarceration in Pennsylvania or when they placed the detainer on him.

1

jail on the Maryland charges. Due to his pending extradition to West Virginia on the Mineral County indictment, petitioner remained incarcerated in Maryland from October 26, 2008, to November 5, 2008, at which time he was extradited back to West Virginia to face the Mineral County indictment.

In February of 2009, petitioner pled guilty to aggravated robbery, and the circuit court sentenced him to twelve years in prison, suspended, and remanded him to the Anthony Center for Youthful Offenders for a term of six months to two years. Upon his successful completion of that program, the circuit court released petitioner from the Anthony Center and placed him on a five-year probationary period beginning in February of 2010.

In July of 2010, the circuit court revoked petitioner's probation for use of a controlled substance and for failure to report to his probation officer.[2] The circuit court imposed his original twelve-year prison term.[3] Upon petitioner's motion, the circuit court granted him credit for time served while awaiting extradition in Maryland from October 26, 2008, to November 5, 2008, and additional credit for time served while in jail in West Virginia. However, the circuit court denied him credit for time spent in Maryland on the Maryland charges from August 12, 2008, to October 25, 2008.

In September of 2011, petitioner filed a second motion for credit for jail time served in Maryland between August 12, 2008, and October 25, 2008. The circuit court again denied this motion.[4] In August of 2013, petitioner filed a third motion for credit for time served. In his third motion, petitioner sought credit for jail time spent in both Maryland and Pennsylvania and, apparently, credit for time served while his whereabouts were unknown and a West Virginia capias had been issued for his failure to appear in September of 2007. Petitioner also argued that his right to a speedy trial had been violated as set forth in the "three-term" rule.

By order entered on January 29, 2014, the circuit court denied petitioner's third motion for credit for time served. The circuit court found that petitioner was not entitled to time served and his speedy trial rights had not been violated while he absconded or while he was incarcerated in Maryland or Pennsylvania. This appeal followed.

---

[2]In April of 2010, the circuit court found that petitioner violated the terms and conditions of his probation by leaving West Virginia and quitting his employment. However, the circuit court reinstated his probation.

[3]It appears that petitioner pled guilty to a separate, unrelated misdemeanor charge and was sentenced to an additional year in jail. The details of this misdemeanor conviction are unclear from the record on appeal.

[4]Petitioner also filed a petition for writ of habeas corpus in the Circuit Court of Mineral County, the denial of which was appealed to this Court. By memorandum decision, this Court affirmed the circuit court's denial of his habeas petition. *See Rodeheaver v. Hale*, No. 11-0680 (W.Va. Supreme Court, November 30, 2012)(memorandum decision).

With regards to motions made pursuant to Rule 35 of the West Virginia Rules of Criminal Procedure, we have explained that

> [i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review. Syl. Pt. 1, *State v. Head,* 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl., *State v. Allen*, 224 W.Va. 444, 686 S.E.2d 226 (2009).

On appeal, petitioner assigns error to the circuit court's denial of his motion for credit for jail time served in Pennsylvania and Maryland, at least part of which time he had absconded and a capias issued for his failure to appear on the Mineral County indictment. Within that argument, petitioner also claims that both the circuit court and the State denied his constitutional rights to a speedy trial, equal protection under the laws, and double jeopardy pursuant to the West Virginia and federal constitutions. Based on our thorough review of the record on appeal, we find no error in the circuit court's order.

This Court has held that criminal defendants are not entitled to credit for time served on unrelated charges. *See State v. Wears*, 222 W.Va. 439, 665 S.E.2d 273 (2008) (denying a defendant's request for credit for time served because he remained in custody serving time on unrelated charges). In this case, petitioner sought credit for jail time served in Pennsylvania and Maryland while he was incarcerated on unrelated charges in those states. The circuit court previously granted him credit for jail time spent awaiting return to this state when he was no longer held on unrelated charges. Therefore, for these reasons, we find no error in the circuit court's denial of his third motion for credit for time served.

As to petitioner's argument that the circuit court and the State denied his right to a speedy trial, petitioner fails to cite to any authority that obligates a circuit court to consider allegations of speedy trial, double jeopardy, or other constitutional violations by motion several years after he pled guilty to the underlying charges, was sentenced, his appeal period expired, and this Court affirmed the denial of his state habeas petition.[5] However, assuming, arguendo, that the circuit court had such authority, we would find no error in the circuit court's order denying his motion on this issue. Petitioner correctly notes that the State has a duty in certain circumstances to apply for temporary custody of a defendant incarcerated in another state to be tried within three terms of court, pursuant to West Virginia Code § 62-3-21. *See State ex rel. Stines v. Locke*, 159 W.Va. 292, 220 S.E.2d 443 (1975) (stating that "[w]here one indicted for a felony in this state has been

---

[5]The parties failed to argue the impact of petitioner's guilty plea on his potential waiver of any issues presented herein or under what authority he filed the underlying motion at issue in this appeal. It appears that petitioner's appellate period has expired, and he has filed one habeas petition. It also appears that he filed his motion under Rule 35(a) to correct an allegedly illegal sentence. Under that Rule, a circuit court may correct an illegal sentence "at any time."

incarcerated in another state, the prosecuting authorities in this jurisdiction, pursuant to the provisions of W.Va. Code, 1931, [§] 62-14-1, as amended, are under a mandatory duty to apply to the authorities of the incarcerating state for temporary custody of said accused for the purpose of offering him a speedy trial and the failure of the state to so act will cause the terms during which he was so imprisoned to be chargeable against the state under West Virginia Code, 1931, [§] 62-3-21, as amended."). However, petitioner ignores the exception to that rule for those defendants who fail to appear for court proceedings according to their own recognizance. West Virginia Code § 62-3-21 specifically provides that

> [e]very person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused . . . by reason of his escaping from jail, or failing to appear according to his recognizance[.]

The circuit court found that petitioner's failure to appear vitiated his claims for a speedy trial and violation of the three-term rule. We agree. The record is clear and uncontested that petitioner failed to appear on the charges at issue here following his release on a personal recognizance bond in September of 2007, and a capias issued for his arrest. Petitioner's failure to appear satisfies the statutory exception to the three-term rule.

Moreover, while petitioner argues that the State failed under *Locke* to apply for his temporary custody, in violation of his speedy trial rights, petitioner ignores both the facts of *Locke*, which are clearly distinguishable from this case, and our more recent precedent discussing the knowledge requirement for application for temporary custody. *See*, e.g., *State ex rel. McCourt v. Alsop*, 220 W.Va. 644, 648, 648 S.E.2d 631, 635 (2007) (stating that "nothing in the record shows that the State knew of the petitioner's whereabouts or of any incarceration in [another state]"); Syl. pt. 2, *State ex rel. Boso v. Warmuth*, 165 W.Va. 247, 270 S.E.2d 631 (1980), overruled on other grounds, *State ex rel. Sutton v. Keadle*, 176 W.Va. 138, 342 S.E.2d 103 (1985) (explaining that "W.Va. Code [§] 62-3-21, imposes a duty on the State to exercise reasonable diligence to procure temporary custody of the defendant who has fled the State for the purpose of offering him a speedy trial once the defendant's out-of-state whereabouts become known."). In *Locke*, the prosecuting authorities "voluntarily relinquished custody of the petitioner to the State of Michigan" for his incarceration in that state. *Locke* at 293, 220 S.E.2d at 445. Due to the voluntary relinquishment of the defendant in *Locke* to Michigan authorities, we specifically found that the West Virginia prosecuting authorities "were aware of the incarceration of the petitioner in the Michigan penitentiary." *Id*. at 295-296, 220 S.E.2d at 446. However, in the matter before us, nothing in the record on appeal demonstrates that the State knew of petitioner's whereabouts or his incarceration until such time as they placed a detainer on him for the Mineral County indictment. For those reasons, we find no error in this regard.

As to petitioner's remaining constitutional claims, petitioner fails to indicate how and where in the record he presented these concerns to the circuit court below; further, his arguments on appeal are mere assertions of constitutional claims unsupported by fact and law. *See* Rule 10(c)(7), R. App. Pro. (stating that "[t]he argument must contain appropriate and specific

4

citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal."); syl. pt. 6, *State v. Byers*, 159 W.Va. 596, 224 S.E.2d 726 (1976) (holding that "[t]his Court will not consider an error which is not preserved in the record nor apparent on the face of the record."). We have long held that "appellant[s] must carry the burden of showing error in the judgment of which [t]he[y] complain[ ]. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment." Syl. Pt. 4, *State v. Farley*, 230 W.Va. 193, 737 S.E.2d 90 (2012) (internal citations omitted). Further, "a skeletal 'argument,' really nothing more than an assertion, does not preserve a claim." *State ex rel. Hatcher v. McBride*, 221 W.Va. 760, 766, 656 S.E.2d 789, 795 (2007) (quoting *State Dept. Of Health v. Robert Morris N.*, 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995). Therefore, as petitioner's mere assertions were not properly presented nor preserved for appellate review, we find that we need not address them. Petitioner has failed to carry his burden on appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 18, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

5