**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

November 6, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**Ricky Vincent Pendleton,**
**Petitioner Below, Petitioner**

**vs) No. 14-1307** (Berkeley County 14-C-639)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent.**

## MEMORANDUM DECISION

Petitioner Ricky Vincent Pendleton, *pro se*, appeals the November 26, 2014, order of the Circuit Court of Berkeley County denying his petition for a writ of habeas corpus. Respondent David Ballard, Warden, Mount Olive Correctional Complex, by counsel Cheryl K. Saville, filed a response, and petitioner filed a reply. In conjunction with his appeal, petitioner filed a motion seeking the production of the May 22, 1996, grand jury transcript, to which respondent filed a response.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 22, 1996, petitioner was indicted on the felony charges of kidnapping, malicious wounding, grand larceny, and aggravated robbery. These charges stemmed from an incident in which petitioner and an accomplice beat Ryan Frankenberry and robbed him of his wallet and vehicle. The beating was so severe that the victim required multiple surgeries, including the insertion of titanium plates and screws in the victim's facial bones. Following a jury trial, petitioner was found guilty on all counts, and the jury recommended mercy in regard to his conviction for kidnapping. Petitioner was thereafter sentenced to life imprisonment with mercy

---

[1]We will address petitioner's motion with the merits. *See* discussion *infra.*

1

for his kidnapping conviction, two to ten years in prison for his conviction of malicious wounding, one to ten years in prison for his conviction of grand larceny, and sixty years in prison for his conviction of aggravated robbery. These sentences were ordered to run consecutively to one another and consecutively to a prior federal sentence. Petitioner appealed his convictions to this Court, which refused his appeal. Petitioner subsequently had his omnibus habeas corpus proceeding in *Pendleton v. Ballard*, No. 12-0653, 2013 WL 2477245, at *7 (W.Va. Supreme Court, May 24, 2013) (memorandum decision), in which petitioner was represented by counsel and the circuit court specifically found that "there [was] no need for an evidentiary hearing."[2] Petitioner appealed the circuit court's denial of habeas relief, which this Court affirmed. *Id.* at *2.

On September 15, 2014, petitioner filed the instant habeas petition alleging ineffective assistance of counsel in the first habeas proceeding. The circuit court summarily denied the petition on November 26, 2014. In its order, the circuit court found that every ground for relief petitioner raised was previously waived and/or adjudicated (either on direct appeal or in *Pendleton*) except for two issues. The circuit court determined that within context of ineffective assistance of habeas counsel, petitioner could still argue (1) that petitioner's right to a speedy trial was violated; and (2) that the grand jury that indicted petitioner was conducted in an improper way. As to the first issue, the circuit court found that habeas counsel chose not to focus on the speedy trial argument because it was logically inconsistent with petitioner's contention that trial counsel did not have enough time to prepare for trial and that a continuance should have been granted. The circuit court found this was a strategic decision that habeas counsel was entitled to make. Second, the circuit court determined that in arguing that the grand jury procedures were unfair, petitioner was contending that the victim's statement to the police was wrongfully withheld from the grand jury. The circuit court concluded that habeas counsel properly made the strategic decision not to focus on this argument to maintain logical consistency because, in *Pendleton*, petitioner was also claiming that the State utilized irrelevant evidence against him.[3] Accordingly, the circuit court concluded that neither instance constituted ineffective assistance.

---

[2]In Syllabus Point 2 of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606, 608 (1981), this Court held, as follows:

> A judgment denying relief in post-conviction habeas corpus is *res judicata* on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised, and this occurs where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared pro se having knowingly and intelligently waived his right to counsel.

[3]While a careful reading of the victim's statement belies petitioner's assertion that he did not participate in beating the victim, petitioner asserts that the statement inculpates only petitioner's accomplice in the crimes against the victim. *See* discussion *infra*.

Petitioner now appeals the circuit court's November 26, 2014, order denying his habeas petition. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006). In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 6, 459 S.E.2d 114, 117 (1995).

On appeal, the parties dispute whether every ground for relief except for the two issues identified by the circuit court was adjudicated and/or waived in prior proceedings. "A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]" Syl. Pt. 4, *Losh*, 166 W.Va. at 762-63, 277 S.E.2d at 608. Upon review of our memorandum decision in *Pendleton*, which adopted and incorporated the circuit court's order denying that habeas petition, we agree with respondent that the doctrine of res judicata bars petitioner from raising any issue other than the two grounds that the circuit court addressed in the instant case: (1) that petitioner's right to a speedy trial was violated; and (2) that the grand jury that indicted petitioner was conducted in an improper way.

As to the first of those two issues, we agree with the circuit court that habeas counsel's decision not to emphasize the argument that petitioner's right to speedy trial was violated constituted a strategic decision rather ineffective assistance. In Syllabus Point 6 of *Miller*, we held, in pertinent part, that in judging ineffective assistance of counsel claims, courts are to refrain "from engaging in hindsight or second-guessing of trial counsel's strategic decisions." 194 W.Va. at 6, 459 S.E.2d at 117. More fundamentally, we note that petitioner acknowledges that he was arraigned on March 16, 1998, and went to trial on July 21, 1998, but complains of a pre-arraignment delay in bringing him to trial.[4] In *State v. Carter*, 204 W.Va. 491, 493-95, 513 S.E.2d 718, 720-22 (1998), we reaffirmed that a pre-arraignment delay does not count toward the running of the three-term rule and, therefore, does not violate our speedy trial statute, West Virginia Code § 62-3-21. *See* Syl. Pt. 1, *State v. Kellison*, 56 W.Va. 690, 47 S.E. 166 (1904), *overruled on other grounds by*, *State ex rel. May v. Boles*, 149 W.Va. 155, 139 S.E.2d 177 (1964) (same). Therefore, the argument that petitioner sought for counsel to make is without merit.

---

[4]Petitioner was apprehended in the State of New Jersey and was, thereafter, in federal custody for a time.

Accordingly, we conclude that it was not ineffective assistance for counsel not to make the argument.

Second, petitioner contends that the victim's statement to the police was wrongfully withheld from the grand jury. Respondent counters that the victim's statement was not withheld from the grand jury. Respondent further asserts that petitioner was not entitled to the grand jury transcript because the law enforcement officer who appeared at the grand jury did not testify at trial. We note that, in *Pendleton*, we rejected petitioner's argument that he was prejudiced by the non-disclosure of the grand jury transcript as lacking "any support." 2013 WL 2477245, at *17. Nevertheless, petitioner speculates that the officer misled the grand jury into believing that the victim's statement supported probable cause that petitioner participated in the attack on the victim. Upon a careful reading of the victim's statement, we determine that the statement did support probable cause that petitioner took part in the beating because the victim indicates that petitioner "must have been" present given that the victim was "bombarded" during the attack. Therefore, we deny petitioner's motion seeking the production of the May 22, 1996, grand jury transcript and conclude that the circuit court did not abuse its discretion in denying petitioner's habeas petition.

For the foregoing reasons, we affirm the circuit court's November 26, 2014, order denying petitioner's petition for writ of habeas corpus.

Affirmed.

**ISSUED: November 6, 2015**

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II