# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)   No. 17-0338** (Monongalia County 15-F-11)

**Jordan Bennett,**
**Defendant Below, Petitioner**

**FILED**

**March 23, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jordan Bennett, pro se, appeals the March 16, 2017, order of the Circuit Court of Monongalia County denying his motion for correction of sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure. Respondent State of West Virginia ("the State"), by counsel Robert L. Hogan, filed an amended summary response in support of the circuit court's order.[1]  Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 9, 2015, petitioner was indicted on ten counts of second-degree sexual assault and one count of abduction. The first three counts of second-degree sexual assault involved victim T.M., while the remaining counts of second-degree sexual assault and the count of abduction involved victim L.W. Trial was scheduled to commence on November 17, 2015. However, prior to November 17, 2015, petitioner and the State agreed to sever the first three counts of the indictment and proceed to trial only on the eight counts involving L.W.

On November 17, 2015, after a jury was sworn, petitioner decided to plead guilty to the eight counts involving L.W. Petitioner made this decision without a plea offer from the State. However, "[a]fter a discussion with [petitioner's] counsel," the circuit court allowed petitioner to

---

[1]This Court granted the State's motion to file an amended summary response by order entered October 4, 2017.

1

change his pleas. After petitioner's plea colloquy, the circuit court permitted L.W. to testify and provide the factual basis for petitioner's guilty pleas. L.W. testified that on the morning of September 26, 2014, she went for a jog along the "rail trail" in Morgantown, West Virginia, with the Monongahela River on the left side of her path. Shortly thereafter, petitioner came up behind L.W. and spoke to her, at which time she smelled the odor of alcohol. As L.W. continued with her jog, she testified that petitioner grabbed her and a struggle ensured. Ultimately, L.W. was overpowered by petitioner who punched and strangled her and dragged her by the hair "across the path down into the woods." L.W. testified that petitioner dragged her down "a really steep hill" to a large black pipe near the riverbank. Petitioner threatened to kill L.W. if she did not crawl under the pipe.

Once under the pipe, petitioner removed his and L.W.'s clothing and he sexually assaulted L.W. numerous times vaginally, anally, and orally, as well as by digital penetration. L.W. gave specific details regarding each of these sexual assaults. During one of the assaults, petitioner closed his eyes and L.W. considered whether she had the strength to escape. However, given the steep incline, L.W. testified that she did not believe that she had "enough strength to beat [petitioner] up the hill."[2] L.W. testified that petitioner sexually assaulted her for "[n]early two hours." L.W. testified that petitioner's attack left her with long-lasting effects such as a scar on her back and a fear of walking outside which had been her "favorite thing." After L.W.'s testimony, the circuit court asked petitioner the following:

> THE COURT: [Petitioner], in order for me to accept your guilty pleas, I have to know that you are guilty. So[,] what [L.W.] said[,] is that the truth?
>
> [Petitioner]: Yes, ma'am.
>
> THE COURT: So, in fact, you are guilty?
>
> [Petitioner]: Yes, ma'am.

The circuit court made findings of fact at the November 17, 2015, plea hearing. The circuit court found that petitioner received a copy of the indictment and went "over it with his attorney." The circuit court noted that petitioner understood that he could be ordered to serve his sentences "one after the other." Furthermore, the circuit court found that petitioner knowingly and intelligently waived his constitutional rights and intelligently and voluntarily entered guilty pleas to seven counts of second-degree sexual assault and one count of abduction. Finally, the circuit court found that, based on L.W.'s testimony, "there is a factual basis for the plea[s]." Accordingly, the circuit court accepted petitioner's guilty pleas. At a January 11, 2016, sentencing hearing, the

---

[2]Because petitioner challenges the legality of his abduction sentence based on double jeopardy grounds, *infra*, we note that the location and environment of the place the victim was detained is a relevant factor in determining whether an abduction is merely incidental to the commission of another offense. *See State v. Lewis*, 235 W.Va. 694, 702 n.20, 776 S.E.2d 591, 599 n.20 (2015).

circuit court sentenced petitioner to seven terms of ten to twenty-five years of incarceration for second-degree sexual assault and to one term of three to ten years of incarceration for abduction. The circuit court ordered that petitioner serve his sentences consecutively for an aggregate term of seventy-three to 185 years of incarceration. Petitioner did not appeal the circuit court's January 12, 2016, sentencing order.

On July 13, 2016, petitioner filed, pro se, a motion for correction of sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure.[3] In the motion, petitioner argued that several of the counts of the indictment violated double jeopardy principles because his abduction of L.W. was merely incidental to the commission of the sexual assaults and because L.W.'s initial statement to police supported only three of the seven sexual assault counts. With regard to the other four sexual assault counts, petitioner argued that "the State failed to meet its burden of proving separate and distinct offenses." The circuit court denied petitioner's motion for correction of sentence by order entered March 16, 2017. The circuit court effectively ruled that petitioner waived the double jeopardy arguments by pleading guilty to the counts of the indictment involving L.W.:

> At no point prior to or at the entry of his plea[s] did [petitioner] raise any objection to the charges alleged in the indictment on constitutional grounds, or otherwise register any objection to entry of his plea[s]. Furthermore, at no point did [petitioner] indicate to the [c]ourt that the entry of his plea[s] was in any way subject to the constitutional objections now raised in [petitioner]'s [m]otion.

Petitioner now appeals the circuit court's March 16, 2017, order denying his Rule 35(a) motion for correction of sentence. In syllabus point one of *State v. Marcum*, 238 W.Va. 26, 792 S.E.2d 37 (2016), we set forth the pertinent standard of review:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

The Double Jeopardy Clauses of the United States and West Virginia Constitutions prohibit "multiple punishments for the same offense." Syl. Pts 1 and 2, *State v. Gill*, 187 W.Va. 136, 416 S.E.2d 253 (1992). In syllabus point two of *State v. Coles*, 234 W.Va. 132, 763 S.E.2d 843 (2014), we held as follows:

---

[3]On May 5, 2016, petitioner's attorney filed a motion for reconsideration of sentence pursuant to Rule 35(b) that requested concurrent sentences for at least some of his convictions. The Rule 35(b) motion remains pending before the circuit court.

If a guilty plea is shown to have been intelligently and voluntarily entered into, generally it cannot be directly or collaterally attacked on double jeopardy grounds. One exception to this rule permits a defendant to show that the face of the record in the case establishes that a court lacked power to convict or sentence the defendant.

On appeal, petitioner concedes that, by intelligently and voluntarily pleading guilty, he waived a wide array of constitutional rights. However, petitioner argues that he may still claim a violation of the constitutional prohibition against multiple punishments for the same offense because such a claim goes to the legality of certain sentences. *See* Syl. Pt. 1, *State v. Sims*, 162 W.Va. 212, 248 S.E.2d 834 (1978) (holding that a guilty plea does not preclude a challenge to a sentence's legality). The State counters that the circuit court properly denied petitioner's motion for correction of sentence because the time for him to challenge the factual basis of his guilty pleas was at the November 17, 2015, plea hearing and he failed to do so. We agree with the State. At the plea hearing, L.W. provided the factual basis for petitioner's guilty pleas. The circuit court asked petitioner if L.W.'s testimony was the truth and petitioner answered, "yes, ma'am." Therefore, we find that the record establishes that the circuit court possessed the power to convict and sentence the defendant on all eight counts for which he pled guilty. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's motion for correction of sentence.

For the foregoing reasons, we affirm the circuit court's March 16, 2017, order denying his Rule 35(a) motion for correction of sentence.[4]

Affirmed.

**ISSUED**: March 23, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

---

[4]For the first time on appeal, petitioner argues that the charges involving the other victim T.M., which remain pending in the circuit court, should be dismissed with prejudice because he has not been brought to trial on those charges within three terms of court. *See* Syl., *State v. Carter*, 204 W.Va. 491, 513 S.E.2d 718 (1998). The State counters that the charges involving T.M. are not currently before this Court because petitioner failed to ask the circuit court for relief regarding those charges in his motion. We agree with the State and decline to address that issue. *See* Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958) (holding that "[t]his Court will not pass on a non[-]jurisdictional question which has not been decided by the trial court in the first instance).

4