**FILED**

**June 22, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-1158** (Preston County 18-F-97)

**Michael Eugene Valentine,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Michael Eugene Valentine, by counsel Jeremy B. Cooper, appeals the December 6, 2019, order of the Circuit Court of Preston County resentencing petitioner for the purpose of allowing him to exercise his right to appeal following his convictions for attempted voluntary manslaughter and unlawful assault.[1] Respondent State of West Virginia, by counsel Benjamin F. Yancey III, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

According to the indictment in this case, on February 14, 2018, petitioner "repeatedly beat Kenneth Harrison with a baseball bat and also threatened to kill him[,] causing serious injuries to his head and a broken arm which required hospitalization[.]" Petitioner was arrested on February

---

[1]On March 27, 2020, along with petitioner's counsel's brief, petitioner filed a motion pursuant to Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure to allow petitioner to file a supplemental brief as a self-represented litigant with the supplemental brief attached to counsel's brief. By order entered on May 29, 2020, this Court granted petitioner's motion and has reviewed each of the briefs filed on his behalf.

1

14, 2018, and has been incarcerated since that time. Petitioner was indicted in the Circuit Court of Preston County for attempted first-degree murder and malicious assault on October 15, 2018. Petitioner was arraigned on October 22, 2018, and pled not guilty to both counts of the indictment. The circuit court appointed new trial counsel for petitioner following the withdrawal of his original trial counsel "due to a conflict with [petitioner]." While petitioner's trial was set for June 18, 2019, after successful plea negotiations, a change of plea hearing was scheduled for June 3, 2019. Relevant here, the parties' plea agreement provided that petitioner would plead guilty to attempted voluntary manslaughter, as a lesser included offense of attempted first-degree murder, and to unlawful assault, as a lesser included offense of malicious assault. In exchange, the State agreed not to file a recidivist information notwithstanding his "prior felony convictions."[2] The parties further agreed that "[s]entencing will . . . be determined by the [c]ourt."

At the June 3, 2019, change of plea hearing, the parties informed the circuit court that, as a self-represented litigant, petitioner filed a motion to dismiss the indictment, arguing that his right to a speedy trial pursuant to West Virginia Code § 62-3-21 had been violated.[3] Petitioner requested that the circuit court rule on his motion before proceeding with the change of plea. The circuit court denied the motion, ruling that, pursuant to West Virginia Code § 62-3-21, "you do not ever count the term of court in which a person is indicted, . . . so basically the three-term rule does not apply here[.]" Following a recess, petitioner proceeded with the change of plea, but the parties agreed that petitioner would be allowed to enter *Alford/Kennedy* pleas to the lesser included charges and reserve his right to appeal the denial of his motion to dismiss the indictment.[4] Following a colloquy with petitioner, the circuit court accepted the parties' amended plea agreement; found that petitioner was freely and voluntarily surrendering his rights, other than his right to appeal the denial of his motion to dismiss the indictment; and allowed petitioner to enter *Alford/Kennedy* pleas to attempted voluntary manslaughter and unlawful assault. After an August 8, 2019, sentencing hearing, by order entered on August 16, 2019, the circuit court imposed consecutive sentences of one to three years of incarceration for attempted voluntary manslaughter and one to five years of incarceration for unlawful assault with 540 days of credit for time served. Subsequently, by order entered on December 6, 2019, the circuit court resentenced petitioner for purposes of appeal.

---

[2]In 2007, petitioner pled guilty to grand larceny and to conspiracy to commit grand larceny in two separate cases.

[3]The date on which petitioner filed his motion to dismiss the indictment is not in the appellate record because, although the circuit court docket sheet is listed in petitioner's appendix's table of contents, the appendix does not contain the docket sheet.

[4]Relying on *North Carolina v. Alford*, 400 U.S. 25 (1970), this Court held in Syllabus Point 1 of *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987), that "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him."

Petitioner now appeals the circuit court's denial of his motion to dismiss the indictment. "This Court's standard of review concerning a motion to dismiss an indictment is . . . *de novo*." Syl. Pt. 1, in part, *State v. Grimes*, 226 W. Va. 411, 701 S.E.2d 449 (2009). In Syllabus Points 2, 3, and 4 of *State v. Carrico*, 189 W. Va. 40, 427 S.E.2d 474 (1993), we held that:

> "[i]t is the three-term rule, W.Va. Code, 62-3-21 [1959],[5] which constitutes the legislative pronouncement of our speedy trial standard under Article III, Section 14 of the West Virginia Constitution."[6] Syl. Pt. 1, *Good v. Handlan*, 176 W.Va. 145, 342 S.E.2d 111 (1986).

> If a conviction is validly obtained within the time set forth in the three-term rule, W.Va. Code 62-3-21 [1959], then that conviction is presumptively constitutional under the speedy trial provisions of the Constitution of the United States, Amendment VI,[7] and W.Va. Constitution, Art. III, § 14.

> "The three regular terms of a court essential to the right of a defendant to be discharged from further prosecution, pursuant to provisions of the Code, 62-3-21, as amended, are regular terms occuring [sic] subsequent to the ending of the term at which the indictment against him is found. The term at which the indictment is returned is not to be counted in favor of the discharge of a defendant." Syl. pt. 1, *State ex rel. Smith v. DeBerry*, 146 W.Va. 534, 120 S.E.2d 504 (1961).

On appeal, petitioner argues that the three-term rule begins to run at the time of a defendant's arrest or presentment before a magistrate following his or her arrest. The State counters that petitioner's argument is without merit. We agree with the State.

We find that petitioner's argument that a defendant's arrest or presentment before a magistrate triggers the three-term rule is contrary to Syllabus Point 4 of *Carrico* where we held, in pertinent part, that the three-term rule begins to run "*subsequent to the ending of the term at which the indictment against [a defendant] is found*" and that "[*t*]*he term at which the indictment is returned* is not to be counted in favor of the discharge of a defendant." (emphasis added). 189 W.

---

[5]West Virginia Code § 62-3-21 provides, in pertinent part:

Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial[.]

[6]Article III, section 14 of the West Constitution generally provides that criminal trials shall be by a jury of twelve persons "without unreasonable delay."

[7]The Sixth Amendment to the United States Constitution provides, in pertinent part, that "the accused shall enjoy the right to a speedy . . . trial[.]"

Va. at 42, 427 S.E.2d at 476. In addition, in *State v. Drachman*, 178 W. Va. 207, 358 S.E.2d 603 (1987), we found that the defendant therein did not rely "upon the three-term rule . . . because its provisions were not triggered until his indictment[.]" *Id.* at 209, 358 S.E.2d at 605. In *State ex rel. Webb v. Wilson*, 182 W. Va. 538, 390 S.E.2d 9 (1990), we relied upon *State v. Adkins*, 182 W. Va. 443, 388 S.E.2d 316 (1989), to find that "the three-term rule . . . is activated by an indictment." *Id.* at 541, 390 S.E.2d at 12.[8] Finally, in *State v. Carter*, 204 W. Va. 491, 513 S.E.2d 718 (1998), we clarified that it is not the return of the indictment—but the defendant's arraignment on the indictment—that triggers the three-term rule. *Id.* at 495, 513 S.E.2d at 722.[9]

West Virginia Trial Court Rule 218 provides that, "[f]or the county of Preston," terms of court begin "on the first Tuesday in March and June, and on the third Tuesday in October." Here, petitioner's October 22, 2018, arraignment occurred after the third Tuesday in October of 2018; accordingly, petitioner was arraigned on the indictment during the October term of court, which does not count in petitioner's favor pursuant to Syllabus Point 4 of *Carrico*. Because the change of plea hearing occurred on June 3, 2019, which was the day before the first Tuesday in June of 2019, petitioner was convicted during the March term of court, which was the first term of court to have counted under the three-term rule pursuant to Syllabus Point 4 of *Carrico*. Therefore, we conclude that the circuit court did not err in denying petitioner's motion to dismiss the indictment as there was no violation of the three-term rule set forth in West Virginia Code § 62-3-21.[10]

---

[8]In *State v. Adkins*, 182 W. Va. 443, 388 S.E.2d 316 (1989), we found that West Virginia Code § 62-3-21 "provides that the term in which the indictment is brought is not counted in the three[-]term calculation." *Id.* at 445 n.4, 388 S.E.2d at 319 n.4.

[9]In *State v. Carter*, 204 W. Va. 491, 513 S.E.2d 718 (1998), we found that:

> [i]n the case *sub judice*, the appellant was in continuous federal custody from the time he was indicted until he was secured by the State of West Virginia and brought before the circuit court for arraignment on March 6, 1997. Following arraignment, he was brought to trial and convicted during the very next term of court. Three terms of court did not pass without trial following indictment and arraignment; therefore, the three-term rule was not violated.

*Id.* at 495, 513 S.E.2d at 772; *see id.* at 491, 513 S.E.2d at 718, syl. (holding that the three-term rule begins to run "when an accused *is charged* with a felony or misdemeanor *and arraigned* in a court of competent jurisdiction") (emphasis added).

[10]On appeal, petitioner argues that, unlike the three-term rule set forth in West Virginia Code § 62-3-21, the speedy trial right under the Sixth Amendment of the United States Constitution is triggered by "the actual arrest of the defendant." Syl Pt. 1, *State v. Drachman*, 178 W. Va. 207, 358 S.E.2d 603 (1987). Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that petitioner's "argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may (continued . . .)

4

For the foregoing reasons, we affirm the circuit court's December 6, 2019, resentencing order.

Affirmed.

**ISSUED:** June 22, 2021


**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

disregard errors that are not adequately supported by specific references to the record on appeal." "Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal). We find petitioner's cursory mention that the Sixth Amendment speedy trial right was triggered by his arrest insufficient to raise that issue on appeal because petitioner fails to proffer any analysis of the four-factor balancing test utilized to determine whether the Sixth Amendment speedy trial right has been violated, *see Drachman*, 178 W. Va. at 208, 297 S.E.2d at 604, syl. pt. 4 (citation omitted); therefore, we decline to review the issue pursuant to Rule 10(c)(7). Similarly, to extent that petitioner raises ineffective assistance of trial counsel and alleges a conflict of interest for the prosecutor in his supplemental brief, we also decline to review those issues pursuant to Rule 10(c)(7) as inadequately supported by argument.