**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Brian Merchant,
Petitioner Below, Petitioner

**vs.)  No. 21-0940** (Marion County 17-C-247)

R.S. Mutter, Superintendent,
Stevens Correctional Center,
Respondent Below, Respondent

# MEMORANDUM DECISION

Petitioner Brian Merchant appeals the order of the Circuit Court of Marion County, entered on August 6, 2021, denying his petition for a writ of habeas corpus.[1] Mr. Merchant is serving a term of imprisonment for life, with the possibility of parole, for a recidivist conviction entered contemporaneously with several related felonies as described in *State v. Merchant*, No. 15-1141, 2016 WL 4611236 (W. Va. Sept. 6, 2016) (memorandum decision) ("*Merchant I*"), the decision we issued after we reviewed Mr. Merchant's direct appeal. Because this matter is now before us to consider the denial of habeas relief, we review as follows:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006). We determine that oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. Proc. 21.

Mr. Merchant asserts a single assignment of error on appeal. He argues that the circuit court erred in declining to find that the trial court erroneously failed to dismiss the criminal indictment initiating his prosecution. His counsel, Mr. Merchant argues, failed to timely notify the trial court that counsel had a scheduling conflict when Mr. Merchant's criminal trial was scheduled. The late notification, Mr. Merchant argues, forced the trial court to continue his trial into a subsequent term of court, resulting in a delay that violated our "three-term rule."[2] It is undisputed that Mr.

---

[1] Mr. Merchant appears by counsel Jason T. Gain. Superintendent R.S. Mutter, the respondent, appears by West Virginia Attorney General and Senior Assistant Attorney General Andrea Nease Proper.

[2] Mr. Merchant is referring to our "'legislative pronouncement of our speedy trial standard under Article III, Section 14 of the West Virginia Constitution.' Syllabus point 1, *Good v.*

Merchant's trial counsel moved for dismissal of the indictment based on the asserted violation of the three-term rule.

In *Merchant I*, we exhaustively addressed the passage of the terms of court between Mr. Merchant's indictment and his criminal trial. The parties agreed that two terms passed without prosecution due to the State's delay. We declined to attribute additional trial delays to the State where those delays were occasioned by Mr. Merchant's desire to postpone the trial for plea negotiations or for his willful absconding from the State's custody. Ultimately, we found "no error in the circuit court's denial of [Mr. Merchant's] motion to dismiss the indictment upon allegations that his right to trial within three terms of court was violated." *Merchant I* at *2. Based on this, the circuit court found that Mr. Merchant was not entitled to habeas relief for the trial court's denial of the motion to dismiss the indictment, as further consideration of the trial court's decision is barred by res judicata.

We did, however, leave a small window in *Merchant I* through which Mr. Merchant might pursue relief. He argued on direct appeal, as he does here, that the delay of one term of court was improvidently attributed to him, rather than the State, after his counsel failed to timely notify the trial court that he required a scheduling accommodation, as provided in the West Virginia Trial Court Rules. Because Mr. Merchant's argument concerning that particular term of court was nuanced through his claim of ineffective assistance of counsel, we found it inappropriate for resolution on direct appeal. *See* Syl. Pt. 10, *State v. Triplett*, 187 W. Va. 760, 421 S.E.2d 511 (1992).

Were the delay in question attributable to the State's actions or inactions, the application of the three-term rule to this case would yield a different outcome, inasmuch as the parties agreed, as we noted in *Merchant I*, that two terms of court passed after the indictment due to the State's delay. The term in which counsel's scheduling conflict arose, then, would constitute the third, critical term. The narrow question before us, inasmuch as *Merchant I* resolutely affirmed the trial court's denial of the motion to dismiss the indictment, is whether counsel's failure to notify the trial court of his scheduling conflict detrimentally affected the proceedings.

---

*Handlan*, 176 W. Va. 145, 342 S.E.2d 111 (1986)." Syl. Pt. 2, in part, *State ex rel. Porter v. Farrell*, 245 W. Va. 272, 858 S.E.2d 897 (2021).

> ""'Pursuant to W. Va. Code § 62-3-21 (1959), when an accused is charged with a felony or misdemeanor and arraigned in a court of competent jurisdiction, if three regular terms of court pass without trial after the presentment or indictment, the accused shall be forever discharged from prosecution for the felony or misdemeanor charged unless the failure to try the accused is caused by one of the exceptions enumerated in the statute." Syllabus, *State v. Carter*, 204 W. Va. 491, 513 S.E.2d 718 (1998).' Syl. Pt. 1, *State v. Damron*, 213 W. Va. 8, 576 S.E.2d 253 (2002)." Syllabus point 4, *State v. Paul C.*, 244 W. Va. 329, 853 S.E.2d 569 (2020).

*Porter*, 245 W. Va. at 273, 858 S.E.2d at 899, Syl. Pt. 3.

In *Merchant I*, we explained the importance of raising a claim of ineffective assistance of counsel in a habeas action where the parties can develop evidence relevant to "the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 . . . (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). We, further, explained that Mr. Merchant did not present evidence on direct appeal

> to address the fact that, had his attorney properly filed a notice of scheduling conflict, the result may very well have been that a continuance beyond the February of 2014 term of court was required. Moreover, petitioner provide[d] no convincing argument that his own counsel's actions should be attributable to the State for purposes of analyzing the three-term rule.

*Merchant I* at *3.

The record before us in this matter sheds no further evidentiary light to illuminate the issues we described in *Merchant I*. Mr. Merchant's trial counsel testified at the omnibus hearing that he failed to file a notice of conflict in accordance with Rule 5.04 of the West Virginia Trial Court Rules, which requires an attorney to give notice of an "imminent scheduling conflict." Though it is clear that counsel did not file a document styled under that rule, it is not apparent how the trial court became aware of the conflict, or how the conflict was ultimately resolved. Mr. Merchant offers no evidence concerning his counsel's communication (or lack of communication) about the scheduling conflict. Mr. Merchant, essentially, rests on the fact of his counsel's failure to notify the trial court of a conflict without showing that counsel's notification would have led to a different outcome. We emphasize that Mr. Merchant's trial counsel competently sought relief under the three-term rule, and there is no evidence that the trial court would have viewed the motion to dismiss the indictment differently had counsel filed a notice of conflict. Moreover, while Mr. Merchant argues that a delay caused by his counsel should not interfere with his speedy trial rights, he fails to offer evidence sufficiently distancing himself from counsel's conflict. Based on the evidence presented, we find no error in the circuit court's order denying habeas relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 13, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn